**UNITED STATES of America, Plaintiff,**

v.

**22,152 ARTICLES OF AIRCRAFT PARTS, More or Less, Defendant.**

**No. 83 C 2083.**

United States District Court, N.D. Illinois, E.D.

Aug. 1, 1984.

Dan K. Webb, U.S. Atty., Michael S. O'Connell, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Wayne Jarvis, Michael Hodes, Chicago, Ill., for defendant.

## DECISION

McMILLEN, District Judge.

The government has filed a motion for summary judgment on Counts I and IV of the Amended Complaint and to strike the affirmative defenses of the intervening claimant, Certified Aircraft Parts, Inc. Certified, on its behalf, has filed a motion for summary judgment on Counts II, III,

VI and VII which are based upon its third and fifth affirmative defenses, due process claims. We find and conclude that the motions of the government should be granted and the motion of the intervenor-claimant denied.

This case began on September 14, 1981 when United States Customs agents at O'Hare Airport seized certain aircraft parts which had been shipped by Certified to a purchaser in Northbrook, Illinois named Tencom, Inc. Both Certified and Tencom were notified by Customs that the shipments were seized for failure to have the required licensing for export from the Department of Commerce and the State Department. The notice provided that a party may file a petition for administrative relief within sixty days, and Certified obtained extensions of time to February 21, 1983. Customs' denied the last request on March 24, 1983. The government shortly thereafter filed the instant forfeiture action against all parts, both those requiring a license and those not.

Count I applies to 48 parts which Tencom attempted to export to Libya in violation of 15 C.F.R. § 371.3. No party has claimed 11 of these parts. Count IV seeks forfeiture of 25 other parts requiring licensing under a different regulation than those listed in Count I. No claimant has filed an answer to Count IV. The government is therefore entitled to a default judgment as to 11 parts on Count I and 25 parts on Count IV.

■ Certified asserts a claim to the remaining 37 parts on Count I, but it is foreclosed by the criminal conviction of Tencom for violation of 15 C.F.R. § 371.3, case 82 CR 500. As we previously found on January 14, 1984, Certified is nothing more than an unsecured creditor of Tencom and cannot require the government to prove its case a second time. *Emich Motors Corp. v. General Motors Corp.*, 340 U.S. 558, 71 S.Ct. 408, 95 L.Ed. 534 (1951). The forfeiture provision invoked by the government in this case, 22 U.S.C. § 401, takes effect immediately upon the commission of the wrongful act, specifically the violation of 15 C.F.R. § 371.3. See *United States v. Stowell*, 133 U.S. 1, 16–17, 10 S.Ct. 244, 247, 33 L.Ed. 555 (1890); *United States v. $84,000 U.S. Currency*, 717 F.2d 1090 (7th Cir.1983). The forfeiture proceeding is merely to perfect the government's title.

■ Certified pleads as its first affirmative defense that the complaint fails to state a claim against it or the articles in question. This is not an affirmative defense and will be stricken. Fed.R.Civ.P. 8(c).

■ The second affirmative defense is that Certified is an innocent party, unaware of any wrongful activity of Tencom Corporation and did all that reasonably could be expected to prevent that purchaser's violation. This likewise is not a proper affirmative defense, since Certified has no rights in the property other than those which it acquired from Tencom. Whether it did anything to prevent Tencom from violating federal regulations is irrelevant, and the case it relies upon *Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974) is of no help to it.

Certified's third and fifth affirmative defenses are based upon due process, alleging that the government changed the legal basis for forfeiture *ex post facto* and also deprived Certified of its right to seek administrative relief from the seizure. Under *Calero-Toledo, supra*, pre-seizure notice and hearing is not required in urgent situations, since the purpose of the seizure would be defeated during the process. On the other hand, in *United States v. $8,850 in U.S. Currency*, 461 U.S. 555, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983), the Supreme Court held that post-seizure administrative procedures could be delayed for as much as 18 months in order to accommodate criminal proceedings, so long as this does not deprive the claimant of "a meaningful hearing at a meaningful time." In the case at bar, Certified concedes that the four factors in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) have not

 

been violated by the delay in filing the forfeiture proceedings. (Reply brief filed Apr. 25, 1984, pp. 2–3).

 Certified, however, contends that the government's delay in giving notice of the seizure and the reasons for it somehow deprived it of due process. This overlooks several facts, including the extensions of time which Certified itself obtained for over a year. It also overlooks the delays which the government encountered in attempting to try the criminal case in the face of an escalating crisis between the United States government and Libya which Tencom repeatedly contended would have deprived it of a fair and objective jury. And, perhaps most obviously, Certified ignores the fact that it is now obtaining a complete hearing on its claims by its intervention in the case at bar. Even after obtaining six extensions of time to file administrative proceedings, Certified did not do so and waited until the government filed this case. It does not persuasively contend that it has been prejudiced and denied due process by any governmental delay.

Thus, Certified's third and fifth affirmative defenses are stricken on the government's motion. With those defenses stricken, Certified's motion for summary judgment on Counts II, III, VI and VII must fail.

 Certified's fourth affirmative defense is a claim that the parts listed in Counts I, II and III required no license. This point has already been decided adversely to Tencom in the criminal case, and Certified is bound by that decision. Counts II and III are based upon the government's allegations that the parts in Count I should be forfeited for the alternative reason that false statements were allegedly made in the export documents and further because the parts were to be shipped to the United African Airlines, contrary to the representations in the export documents. Since these are the same parts as are involved in Count I and since we have already ruled that the government is entitled to summary judgment on Count I, Counts II and III become superfluous and defendant's af-

firmative defense to these counts is likewise superfluous.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that summary judgment is entered in favor of the plaintiff on Counts I and IV. Counts II, III and V which seek forfeiture of the same parts are therefore moot. The government's motion to strike the affirmative defenses of Certified Aircraft Parts, Inc. is granted. The case remains to be tried on the parts listed in Counts VI and VII.

This case will be called for a report on status, at which time all discovery should be completed, on Monday, September 17, 1984 at 11:00 o'clock a.m.